# WHITTAKER CORPORATION and BERTRAM YACHT v. KRONENBERG

## Case No. 82-124 AP

Eleventh Judicial Circuit, Appellate Division, Dade County

January 3, 1985

### APPEARANCES OF COUNSEL

**Paul Huck** for appellants.

**Jack J. Taffer** for appellees.

Before KAYE, RIVKIND, and SALMON, JJ.

### OPINION OF THE COURT

SALMON, J.

The judgment appealed is one which removes the appellant from possession of commercial premises. The judicial error urged is the failure of the trial judge to permit the appellant to present as a defense its claim of setoff for monies actually spent in effecting repairs to the premises which were the obligation of the appellee.

The appellant claims that it is entitled to present that defense pursuant to the rule first enunciated in *Masser v. London Operating Co.*, 145 So. 79 (1932), and later followed in *Rosen v. Needelman*, 83

So.2d 113 (Fla. 1955). The trial judge concluded that a tenant such as appellant must pay the rent required by the lease, and seek his remedy for monies advanced to pay the costs of repairs by way of counterclaim and not by setoff.

We conclude that this case is governed by the rule in *Masser*: a tenant has a right, after waiting a reasonable time after notice to the lessor, to make the necessary repairs that were the obligation of the lessor and deduct the expenses thereof from the rent. If the expense of those repairs equals or exceeds the rent due, the lessor may not remove the tenant for non-payment of rent.

Because of what we have decided, it is not necessary to address the remaining points raised by appellant.

Reversed and remanded for a new trial.

KAYE and RIVKIND, concur.